OPINION
Clayton Cross, a minor, appeals a judgment of the Court of Common Pleas, juvenile Division, of Stark County, Ohio, which found him delinquent by reason of petty theft and unruliness and imposed a previously suspended commitment to the Department of Youth Services. Appellant assigns five errors to the trial court:
 ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR I
 THE TRIAL COURT ERRED BY IMPOSING A SUSPENDED COMMITMENT AFTER THE PERIOD OF PROBATION HAD ENDED.
ASSIGNMENT OF ERROR II
 THE TRIAL COURT VIOLATED CLAYTON CROSS'S RIGHT TO EQUAL PROTECTION OF THE LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, § 2 OF THE OHIO CONSTITUTION BY IMPOSING CROSS'S SUSPENDED COMMITMENT AFTER HIS RELEASE FROM PROBATION.
ASSIGNMENT OF ERROR III
 THE TRIAL COURT VIOLATED CLAYTON CROSS'S RIGHT TO NOTICE AND DUE PROCESS OF LAW AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, § 16 OF THE OHIO CONSTITUTION WHEN IT DID NOT FOLLOW THE PROPER PROCEDURES FOR PROBATION REVOCATION.
ASSIGNMENT OF ERROR IV
 CLAYTON CROSS'S RIGHT NOT TO BE TWICE PUNISHED FOR THE SAME OFFENSE AS GUARANTEED BY THE DOUBLE JEOPARDY CLAUSES OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, § 10 OF THE OHIO CONSTITUTION WAS VIOLATED BY THE JUVENILE COURT'S REVOCATION OF PROBATION AND IMPOSITION OF THE SUSPENDED SENTENCE AFTER CROSS'S PERIOD OF PROBATION HAD ENDED.
ASSIGNMENT OF ERROR V
 THE TRIAL COURT ERRED WHEN IT FAILED TO CREDIT THE DAYS CLAYTON CROSS SERVED IN THE ATTENTION CENTER TO THE BALANCE OF HIS DYS [SIC] COMMITMENT.
In February of 1998, appellant was found delinquent for burglary, an act which would have been a felony of the second degree if committed by an adult. The Stark County Juvenile Court sentenced him to a minimum six months and a maximum until his twenty-first birthday in the Ohio Department of Youth Services. The court stayed the commitment and remanded appellant to the Attention Center for 75 days, and placed him on probation. On December 28, 1998, appellant received a general release from probation. This was Juvenile Case No. 101241. In March of 2000, appellant entered a plea of true to a delinquency charge of petty theft in Case No. 109845. At the same hearing, appellant entered a plea of true to an unruly child complaint, Case No. 110042. The Juvenile Court imposed the previously suspended commitment, and sentenced appellant to a minimum of six months and a maximum of until his 21 birthday to the Department of Youth Services. It was not until the parties had briefed these issues before us that they discovered the trial court had entered a judgment nunc pro tunc, in which it amended appellant's sentence from six months to one year. We sustained appellant's motion to supplement his brief, and the state responded to appellant's supplemental assignment of error:
 SUPPLEMENTAL ASSIGNMENT OF ERROR THE TRIAL COURT ERRED BY RESENTENCING CLAYTON CROSS TO A MORE SEVERE SENTENCE WITHOUT A HEARING IN VIOLATION OF OHIO CRIMINAL RULE 43, THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.
 I
In his first assignment of error, appellant urges the trial court was without jurisdiction to impose a prior commitment because he had been released from probation for more than a year. Appellant urges that, for adults, when a period of probation has ended, the subject matter jurisdiction of the sentencing court terminates. The State responds a Juvenile Court has jurisdiction over minors until they reach the age of majority. The State points out the goals of an adult court and a juvenile court are different, and delinquency proceedings for juveniles are not criminal in nature. R.C. 2151.353 provides the Juvenile Court retains jurisdiction over any child for whom the court issues an order of disposition until the child attains the age of eighteen. The Court of Appeals for Hamilton County had occasion to review a similar situation in the case of In Re: Bracewell (1998), 126 Ohio App.3d 133. The First District Court of Appeals held the Juvenile Court's jurisdiction to reinstate an order of commitment continued after the juvenile was released from official probation because R.C. 2151.355 gives a Juvenile Court broad discretion to make any disposition the court finds proper. The Bracewell court was swayed by considerations of the goals of the Juvenile Court, namely the juvenile's protection and rehabilitation. The record demonstrated the juvenile's parents were unable to provide protection and rehabilitation for him, and the Bracewell court found it was appropriate for the Juvenile Court to make this disposition. We find the Juvenile Court did not abuse its discretion in reimposing the previously stayed commitment to the Department of Youth Services. Accordingly, the first assignment of error is overruled.
 II
Next, appellant urges the trial court's disposition of the later cases violated his constitutional rights for equal protection and due process of law. Appellant argues a court of common pleas loses its jurisdiction to revoke probation after an adult's probationary period is ended. Appellant suggests to hold otherwise in a juvenile proceeding denies juveniles the same protection of the laws enjoyed by adults. In I, supra, we found juvenile proceedings are not criminal in nature and commitments to DYS are not criminal sentences. For this reason, the trial court did not deny appellant's right to equal protection of the law in treating him differently than an adult. The second assignment of error is overruled.
 III
Appellant argues his right to notice and due process of law was violated because there was no way he could have known his probation conditions were still enforceable, and appellant could be sent back to DYS. The State urges appellant was well aware the suspended commitment could be imposed if he violated a court order, the terms of his probation, or any law. Before accepting appellant's plea of true, to one count of petty theft, the magistrate advised appellant if he had a suspended commitment to the Department of Youth Services, the commitment would be imposed with a plea of true. Appellant was represented by counsel. Because we find this action was not a criminal action, and the sanctions imposed were not criminal sanctions, we find it was unnecessary to provide appellant with a notification of probation revocation. Further, the record demonstrates he actually was made aware of the situation before he pled true to the subsequent counts. The third assignment of error is overruled.
 IV
Appellant argues the trial court's disposition of this case violated the principles of double jeopardy. Specifically, appellant argues he was subjected to punishment for the same offense twice. Because we find this action is not a criminal action the double jeopardy clause does not apply, Bracewell, supra, at 139. The fourth assignment of error is overruled.
 V
In his fifth assignment of error, appellant urges the trial court should have credited the days he served at the Attention Center to the balance of the DYS commitment. R.C. 2151.355 requires the committing court to include in its commitment entry the total number of days the child has been held in detention in connection with the complaint upon which the order of commitment is based. Appellant urges the order of commitment is the 1998 order based on the burglary charge. The State responds the order upon which this commitment is based is the later petty theft complaint. We find because the commitment was stayed and then reimposed, the order of which the commitment is based is the 1998 commitment for delinquency by reason of burglary. The fifth assignment of error is sustained.
 SUPPLEMENTAL ASSIGNMENT OF ERROR
The state concedes the trial court erred in modifying the sentence or resentencing appellant without affording him a hearing, pursuant to Crim.R.43. We agree. The supplemental assignment of error is sustained.
For the forgoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, is affirmed in part and reversed in part, and the cause is remanded to that court to conduct a sentencing hearing, and to state in the order of commitment the total number of days for which appellant should be credited.
 _______________ Gwin, P.J.
Hoffman, J., and Farmer, J., concur.